UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FIFTH GENERATION, INC.,<br>*Plaintiff* | § § § | |
| **v.** | § § | |
| DICK FAMILY, INC. d/b/a C&L DISTRIBUTING,<br>*Defendant/Third-Party Plaintiff* | § § § § | No.  1:25-CV-01205-ADA |
| **v.** | § § | |
| BRENNY TRANSPORTATION, INC.,<br>*Third-Party Defendant* | § § § | |

## ORDER

Before the Court is Third-Party Defendant Brenny Transportation, Inc.'s ("Brenny") motion for substitute service, Dkt. 46. Brenny asserts that it has unsuccessfully attempted to serve Fourth-Party Defendants Scott Castleberry ("Castleberry") and J & I Express, LLC ("J & I") at Castleberry's purported address and at the address listed with the California Secretary of State for J & I's registered agent. *Id.* at 3; Dkts. 46-1; 46-2, at 2. Brenny asks the Court to allow it to effect alternative service by sending a copy of the summons and fourth-party claims to Castleberry via electronic mail to the email address Castleberry "used to communicate with Brenny during the course of the parties' respective business dealings," and to J & I by affixing a copy of the documents to the address for J & I's

1

registered agent. Dkt. 29, at 4-5. Having reviewed the motion and relevant law, the Court will grant the motion.

"Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). A plaintiff is permitted to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106(a) provides that service of a citation may be accomplished by (1) delivering it to the defendant in person, or (2) mailing it to the defendant by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106(a).[1] Because it is generally more reliable, Texas law prefers personal service over substitute service. *See Taylor v. State*, 293 S.W.3d 913, 915-16 (Tex. App.—Austin 2009, no pet.).

Where efforts at service by one of the enumerated means have been unsuccessful, a plaintiff may request alternative or substituted service. *Joe Hand Promotions, Inc. v. MHB Enters., LLC*, No. SA-24-CV-00064-XR, 2024 WL 1595678, at *1 (W.D. Tex. Feb. 20, 2024) ("[O]nly after service by one of the two methods provided in Rule 106(a) fails may a court, upon a motion supported by proper affidavit, authorize substituted service."); *State Farm Fire & Cas. Co. v. Costley*, 868

---

[1] Brenny requests hat it be allowed to serve J & I via certified mail, but it need not move for alternative service to effect service in this manner. Dkt. 46, at 5; Tex. R. Civ. P. 106(a).

S.W.2d 298, 298-99 (Tex. 1993).[2]  The burden is on the moving party to show that a substitute method of service is appropriate and necessary under Texas law. *Oden v. Wellfirst Techs., Inc.*, No. 2:20-CV-00034, 2020 WL 11272644, at *2 (S.D. Tex. May 29, 2020); *see also In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012) ("[I]f personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." (citation omitted)). "[T]he task of determining when the particularities and necessities of a given case require alternate service of process is placed squarely within the sound discretion of the district court." *SEC v. Millennium Bank*, No. 7:09-CV-050-O, 2009 WL 10689097, at *1 (N.D. Tex. Oct. 21, 2009).

The undersigned finds that Brenny has met its burden of demonstrating under Texas Rule of Civil Procedure 106(b) that alternative service is warranted for Castleberry and J & I. Brenny attached to its motion proof of the four attempts at service of J & I  that the process server made in May 2026, as well as the attempt to serve Castleberry at an address determined to be "deserted." Dkts. 46-2, at 3; 46-3, at 3. Brenny has thus established that personal service could not be "effected by the exercise of reasonable diligence" and that the proposed forms of alternative notice are "reasonably calculated" to provide Castleberry and J & I with "notice of the proceedings in time to answer and defend." *E.R.*, 385 S.W.3d at 564; *Premier Fin. Servs., LLC v. Ramirez*, No. EP-22-CV-00059-FM, 2022 WL 18585981, at *1 (W.D.

---

[2] Upon motion supported by sworn statement, the Court may authorize alternative service "(1) by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit; or (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence." *See* Tex. R. Civ. P. 106(b).

3

Tex. Apr. 12, 2022) (allowing alternative service by "affixing the Complaint and Summons in a closed transparent bag to the front door of [d]efendant's home"); *River N. Furr's, LLC v. FMP SA Mgmt. Grp., LLC*, No. 5:19-CV-00757-OLG, 2019 WL 13168919, at *2 (W.D. Tex. Aug. 22, 2019) ("Courts have authorized service via email pursuant to Federal Rule of Civil Procedure 4(e) and Texas Rule of Civil Procedure 106(b) in cases where the plaintiff showed prior successful email communications with the defendant." (citing *Collins v. Doe*, 2010 WL 4954727, at *1 (S.D. Tex. Nov. 30, 2010))); *see also Compass Bank v. Kleve*, No. CV L-12-46, 2012 WL 12895414, at *5 (S.D. Tex. Dec. 10, 2012) (permitting alternative service via electronic mail but requiring plaintiff to "file an electronic receipt with the Court verifying that Defendant Dennis Allan Kleve opened the email containing the service of process").

Accordingly, Brenny's motion for substitute service, Dkt. 46, is **GRANTED**. Brenny may serve Castleberry by sending a copy of the fourth-party complaint, summons, and this Order via electronic mail to scott.dispatchingservices@gmail.com. The Court further **DIRECTS** Brenny to file an electronic receipt with the Court verifying that Castleberry opened and/or read the email containing the service of process. Brenny may serve J & I by affixing a copy of the fourth-party complaint, summons, and this Order on the front door of the property located at 2483 Mistletoe Ave., Stockton, CA 95205.

SIGNED May 14, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

4